IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

LUIS A RODRIGUEZ,

    Plaintiff,

v.                                                                                          CASE NO. 1:09-cv-00240-MP-GRJ

MICHAEL J ASTRUE,

    Defendant.

_____/

**O R D E R**

        This matter is before the Court on Doc. 19, Report and Recommendation of the Magistrate Judge, recommending that the decision of the Commissioner, denying benefits, be affirmed. The plaintiff filed objections, Doc. 20, to which the defendant responded, Doc. 21. The Court has made a de novo determination of those portions of the Report and Recommendation to which objection was made. 28 U.S.C. § 636(b)(1)(C).

        According to the plaintiff, one of the major issues in this case is whether the ALJ "ignor[ed] the opinion of Dr. Jose Llinas, Plaintiff Rodriguez's treating physician (psychiatrist), that Plaintiff Rodriguez, because of his bipolar disorder, has almost no ability to perform work activities." Doc. 12 p. 1.  A review of the decision of the ALJ reveals that no Jose Llinas is even mentioned, although a certain assessment attributed by plaintiff to Dr. Llinas is thoroughly discussed.  However, the ALJ attributes the assessment to Dr. Theodore Pait, who plaintiff claims is not involved in this case.  Indeed, the parties and the Magistrate Judge are unsure of what doctor actually signed the assessment.  For example, the Report and Recommendation states:

> Plaintiff also suggests there was reversible error because ALJ Walker misidentified the treating physician when discussing the assessment. Any error in misstating the name of the treating physician is harmless error and has nothing whatsoever to do with the substance of the ALJ's analysis.
>
> The ALJ identified "Dr. Theodore Pait" as the author of the assessment (R. 20) and stated that "Dr. Pait's" assessment should "not [be] given substantial weight." (R. 20.) The author of the assessment was Dr. Jose Llinas, although it is difficult to decipher from the medical records the name of the doctor who prepared the assessment.17 Even Plaintiff acknowledges, "'Dr. Pait' is actually just ALJ Walker misreading Dr. Llinas' handwriting below his 'J L' signature." (Doc.12 at 3).

Doc. 19, p. 23.

Likewise, the Commissioner noted:

> The ALJ states that this medical opinion was completed by Dr. Theodore Pait. Plaintiff argues that the ALJ misread the signature and that the opinion was completed by Dr. Llinas. Although it is unclear whether Dr. Pait or Dr. Llinas signed the document, for consistency sake, Defendant will refer to the opinion as an opinion of Dr. Llinas.

Doc 17, p. 6 n.2.

And, finally, Plaintiff's counsel states:

> Not only has Dr. Jose Llinas been Plaintiff RODRIGUEZ's treating physician (psychiatrist), he is virtually the only treating physician of record. However, ALJ Walker's Unfavorable Decision fails to even mention him. Instead, ALJ Walker refer's to a Dr. Theodore Pait as Plaintiff RODRIGUEZ's treating physician, although the four years of Plaintiff RODRIGUEZ's mental health records at Meridian Behavioral Healthcare never mention a Dr. Pait and are replete with Dr. Llinas'. ALJ Walker notes in his decision "the record does not even indicate that Dr. Pait is a psychologist or other type of mental health professional." (R20) Incredible as it sounds, "Dr. Pait" is actually just ALJ Walker misreading Dr. Llinas' handwriting below his "J L" signature. Actually the next line reads "Meridian," (R298) followed on the next line by the street address and on the next by "Gainesville, Florida." Running a practitioner license search on the Florida Department of Health's website confirms that there is no psychologist or psychiatrist named Theodore Pait practicing in Alachua County.

Doc. 12, p. 3.

Plaintiff's counsel is simply wrong on two counts. First, below is a screen shot of the portion of

*Case No: 1:09-cv-00240-MP-GRJ*

page 298 to which Plaintiff's counsel refers:



The line below the signature is simply not "Meridian." It is clearly "Theodore Pait." Also, a Florida Dept. of Health search reveals that although no practitioner named Theodore Pait is found in Alachua County, there is a Dr. Theodore Pait, M.D. who is a psychiatrist from Hollywood, Florida. *Compare* http://ww2.doh.state.fl.us/IRM00PRAES/PRASINDI.ASP?LicId=79661&ProfNBR=1501 *with* http://www.healthgrades.com/physician/dr-theodore-pait-xxmpc/. Moreover, a curriculum vitae of Dr. Pait shows that he worked at Meridian Health in Gainesville as a locum tenens[1]

---

[1] a medical practitioner who temporarily takes the place of another. Merriam-Webster Medical Dictionary, available at <http://www.merriam-webster.com/medical/locum%20tenens>

*Case No: 1:09-cv-00240-MP-GRJ*

psychiatrist on several occasions.  *See*

http://community.traveling4health.com/sites/t4h-drupal.local/files/CV%20%20DR%20PAIT,%20November,%202010.doc.

Since the ALJ partly relied upon the assumption that Theodore Pait was not a licensed medical provider in rejecting the assessment, and it might be possible that Dr. Pait only examined plaintiff once, it may be important to determine exactly what role Theodore Pait played in this case.   Accordingly, the matter is recommitted to the Magistrate Judge to determine if this should be remanded pursuant to section 405(g).  Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge is rejected and the matter recommitted to the Magistrate Judge for further proceedings consistent with this Order.

**DONE AND ORDERED** this *13th*  day of July, 2011

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge