IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


LUIS A. RODRIGUEZ,

       Plaintiff,

vs.                                              CASE NO. 1:09-cv-240-MP-GRJ

MICHAEL J. ASTRUE,
Commissioner of Social Security

       Defendant.

_____/

## REPORT AND RECOMMENDATION

The undersigned entered a Report and Recommendation on February 9, 2011 recommending that the Court affirm the Commissioner's decision denying Plaintiff's applications for a period of disability, disability insurance benefits, and supplemental security income benefits.  (R. 19.)  The District Judge entered an order on July 13, 2011 rejecting the Report and Recommendation because of confusion concerning whether Dr. Theodore Pait or Dr. Jose Llinas, a treating doctor, had prepared and signed a Medical Opinion Regarding the Ability to do Work-Related Activities (Mental) (the "Assessment") (Doc. 22.)  The District Judge recommitted this case to the undersigned to determine whether this case should be remanded to the Commissioner pursuant to 42 U.S.C. § 405(g).  (R. 22.)  For the reasons discussed below, the Court concludes that the Commissioner's decision is due to be reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g) to determine whether Dr. Pait or Dr. Llinas

prepared and signed the Assessment and, depending upon whether the Assessment was prepared by a treating physician or prepared by a one time examiner, evaluate the medical evidence and Assessment, providing appropriate weight to the medical opinions in the Assessment.

## DISCUSSION

The discussion of the procedural history of this case, the findings of the ALJ and the summary of the record evidence in the February 9, 2011 Report and Recommendation will not be repeated and is incorporated by reference into this report and recommendation. (Doc. 19 at 1-3, 6-19.)

The issue recommitted to the undersigned was to determine whether the action should be remanded for further proceedings because of the ambiguity concerning whether Dr. Pait or Dr. Llinas prepared and signed the Assessment. (R. 295-98.) The Court concludes that it does. The weight to be accorded the Assessment will depend upon whether the Assessment was prepared by a treating physician or whether the Assessment was prepared by a one time medical examiner with no longitudinal treating history with the Plaintiff.

The medical records in this case include records from Plaintiff's visits to Meridian Behavioral Healthcare, Inc. ("Meridian"). Plaintiff was treated at Meridian from September 12, 2006 through October 8, 2008. (R. 244-45, 246-47, 248-49, 250-51, 252-53, 254-57, 258-59, 299-300, 301-02, 303-04, 305-06, 307-08, 309-10, 311-12, 313-14, 315-16, 317-18, 319-20, 321-22, 323-26.) Dr. Llinas was Plaintiff's treating

psychiatrist at Meridian between November 20, 2006 and May 25, 2007.[1]  (R. 244, 246, 250, 252, 309, 311, 313.)

On November 25, 2008, one of the physicians at Meridian completed the Assessment.  (R. 295-98.)  The line on the Assessment for the "Therapist's Signature" bears a signature appearing to consist primarily of the letter "J" and "L." The lines on the Assessment for the "Therapist's Printed Name and Address" are filled out with the name "Theodore Pait" with an address of "4300 SW 13 Street Gainesville, FL."[2]

In his written decision the ALJ identified "Dr. Theodore Pait" as the author of the Assessment and concluded that "Dr. Pait's assessment is not given substantial weight." (R. 20.)  The ALJ discounted the opinions of Dr. Pait in the Assessment because "[t]he severity of the limitations he described is simple and not supported by the evidence" and the "severity of the limitations described by Dr. Pait would appear to be much more applicable to chronically psychotic individuals requiring psychiatric hospitalization or supervised living arrangements." (*Id.*)  Notably, as further reasons for discounting Dr. Pait's opinions, the ALJ stated "the record does not even indicate that Dr. Pait is a psychologist or other type of mental health professional" and "Dr. Pait's conclusions are vague, imprecise, and inconsistent with information contained in the medical record." (*Id.*)  The ALJ did not mention Dr. Llinas anywhere in his decision.  (R. 15-24.)

---

[1] Notably, the visits to Meridian at which Plaintiff was treated by Dr. Llinas are reflected in a notation of "Llinas" on a line asking for "MD/ARNP Name (print)" on the progress note for each visit.  (R. 244, 246, 250, 252, 309, 311, 313.)

[2] The address of 4300 Sw 13 Street, Gainesville, Florida is the address for Meridian Behavior Healthcare.

*No. 1:09-cv-240-MP-GRJ*

Relying upon the submissions of the parties the Court in the February 9, 2011 Report and Recommendation, assumed Dr. Llinas had completed the Assessment. (Doc. 19 at 19, 23-24.) In their respective briefs the Plaintiff[3] and the Commissioner[4] both conceded that Dr. Llinas was the author of the Assessment even though the ALJ referred to Dr. Pait as the author of the Assessment. (Doc. 17 at 11 and Doc. 12 at 2-3.)

As correctly pointed out by the District Judge in his July 13, 2011 order the name of Theodore Pait is clearly typed below the signature and a search of the Florida Department of Health's website reveals an entry for a Dr. Theodore Pait, M.D., a psychiatrist from Hollywood, Florida. (Doc. 22 at 3.) Further, the copy of Dr. Pait's curriculum vitae also available on the website reflects that Dr. Pait worked as a *locum tenens*, or temporary medical practitioner, at Meridian on several occasions. (Doc. 22 at 3-4.) Consequently, Dr. Pait may very well be a one time examiner - with no longitudinal history of treating Plaintiff – in which case his opinion would be subject to very limited weight.[5] On the other hand, if the Assessment was signed by Dr. Llinas the ALJ would be required to re-evaluate the Assessment and accord the opinion of Dr. Llinas appropriate weight as a treating physician.

---

[3] Plaintiff represented in his brief "Incredible as it sounds, "Dr. Pait" is actually just ALJ Walker misreading Dr. Llinas' handwriting below his "J L" signature." Doc. 12, p.3.

[4] The Commissioner stated in his brief that "although it is unclear whether Dr. Pait or Dr. Llinas signed the document, for consistency sake, Defendant will refer to the opinion as an opinion of Dr. Llinas. Doc. 17, p.6. n. 2.

[5] Furthermore, because the ALJ state in his written decision that "the record does not even indicate that Dr. Pait is a psychologist or other type of mental health professional" – and it appears that Dr. Pait is indeed a licensed psychiatrist – the ALJ on remand should take this into account in evaluating the assessment to the extent the ALJ concludes Dr. Pait is the author.

*No. 1:09-cv-240-MP-GRJ*

In reviewing the decision of the Commissioner this Court is not permitted to engage in fact finding and cannot evaluate the evidence *de novo*. Rather, the limited role of the Court is to determine whether the Commissioner's decision is based upon the applicable legal principles and whether the decision is supported by substantial evidence in the record.  42 U.S.C. § 405(g). The Court cannot do so without the ALJ first determining who is the author of the Assessment and then applying the appropriate weight depending upon whether the author of the assessment is a treating physician or a one-time examiner.

Accordingly, this case should be remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) to identify the author of the Assessment and then to evaluate the Assessment in accordance with the appropriate weight.

## RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that the decision of the Commissioner should be **REVERSED AND REMANDED** to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further proceedings so the ALJ can further evaluate the Medical Opinion Regarding the Ability to do Work-Related Activities (Mental) dated November 25, 2008 consistent with this report and recommendation.

**IN CHAMBERS** in Gainesville, Florida, on September 2, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

*No. 1:09-cv-240-MP-GRJ*

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.